MICHAEL J. BOLDUC *v.* JONATHAN RICHES

Superior Court, Judicial District of Hartford—File No. CV 02-0820880S

Memorandum filed February 6, 2003

*Heidi J. Daraskevich,* for the plaintiff.

*Williams & Vasallo,* for the defendant.

BOOTH, J. The plaintiff, Michael J. Bolduc, has applied for a $29,000 prejudgment remedy against property owned by the defendant, Jonathan Riches. The property at issue is located at 99 Scantic Road, East Windsor, and is owned jointly by Riches and his wife. Testimony at the hearing established that the property has a market value of $175,000 and is encumbered by

a first mortgage with an approximate payoff balance of $126,000.

For the purposes of this hearing only, the parties have agreed that the defendant is indebted to the plaintiff in the amount of $29,000.

Given that the property is owner occupied and jointly owned by husband and wife, each of them has a homestead exemption of $75,000 pursuant to General Statutes § 52-352b (t). Accordingly, the property has a net equity of approximately $49,000 and is subject to homestead exemptions in the amount of $150,000.

The issue presented to the court is whether the homestead exemptions protect the property from attachment or only from execution after judgment.

In *Shawmut Bank, N.A.* v. *Valley Farms*, 222 Conn. 361, 610 A.2d 652, cert. dismissed, 505 U.S. 1247, 113 S. Ct. 28, 120 L. Ed. 2d 952 (1992), a lender applied for a writ of replevin of farm property in possession of the borrowers. The issue in *Shawmut Bank, N.A.*, concerned whether the exemptions contained in § 52-352b were available to a partnership. The Supreme Court held: "We first consider the [defendant's] claim, rejected by the trial court, that the property sought to be replevied was exempt from prejudgment remedy attachment because it constituted '[t]ools, books, instruments and farm animals which are necessary to exemptioner in the course of his or her occupation or profession.' . . . We agree with the trial court and the plaintiff that the exemptions from post judgment remedies, *and therefore from prejudgment attachment,* afforded by . . . § 52-352b, apply only to 'property of any natural person' under that statute and, therefore, do not apply to property of partnerships, like the [defendant]." (Citation omitted; emphasis added.) Id., 365–66.

The dispute in *Rice* v. *Bennett,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No.

CV98PJR-0350602S (August 25, 1998) (*Nadeau, J.*), concerned whether bank accounts derived from a workers' compensation settlement were exempt from prejudgment remedies. The court wrote: "The plaintiff, Sherri Rice, argues that the statutes cited by [the defendant] govern postjudgment remedies only, rather than the prejudgment remedy sought here. . . . Items exempted from postjudgment remedies pursuant to § 52-352b are also exempt from prejudgment remedies. *Shawmut Bank, N.A.* v. *Valley Farms,* [supra, 222 Conn. 366]."

In *Jester* v. *Goodrich,* Superior Court, judicial district of Danbury, Docket No. CV96-0325769S (January 8, 1997) (18 Conn. L. Rptr. 491) (*Carroll, J.*), the plaintiff was seeking an attachment. The plaintiff claimed that $55,500 was a loan to the defendant, while the defendant claimed that it was a gift. Much of *Jester* is concerned with the burden of proof at a prejudgment remedy hearing. The court, however, did write: "As regards the [d]efendant's claim of a homestead exemption under . . . § 52-352b (t) being a bar to [the] [p]laintiff's prejudgment attachment, the [c]ourt notes that the protection afforded an exemption under . . . § 52-352b does not bar a creditor from encumbering the exemptioner's real property with a prejudgment attachment, but rather, only bars execution on the lien." Id., 492.

In *Shockey* v. *Everett,* Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV99-0173143 (March 1, 2000) (26 Conn. L. Rptr. 502) (*Lewis, J.*), the defendants objected to an application for prejudgment remedy claiming that the property was protected by the homestead exemption. The court wrote: "Three Superior Court cases, however, have overruled objections to the granting of a prejudgment remedy based on the wording of General Statutes § 52-352a (c) which defines 'exempt' as referring to 'process or court order for the purpose of debt collection.' " Id., 503.

The cases cited in *Shockey* are *L. Suzio Asphalt Co., Inc.* v. *Ferreira Construction Corp.*, Superior Court, judicial district of New Haven, Docket No. 351912 (October 19, 1993) (10 Conn. L. Rptr. 264) (*DeMayo, J.*); *Dunbar* v. *Dunbar*, Superior Court, judicial district of New London, Docket No. 528800 (January 10, 1994) (10 Conn. L. Rptr. 587) (*Austin, J.*), aff'd, *Dunbar* v. *Dunbar*, Superior Court, judicial district of New London, Docket No. 528800 (April 29, 1994) (*Austin, J.*); and *Jester* v. *Goodrich*, supra, 18 Conn. L. Rptr. 491.

Thus this court is faced with *Rice*, a Superior Court case which cites *Shawmut Bank, N.A.*, but concludes by holding "[t]his court believes the homestead exemption issue is not fully briefed. Should the plaintiff desire to pursue this avenue, a brief is to be submitted by September 30, 1998, with the defendant's brief by October 23, 1998 . . . ." *Rice* v. *Bennett*, supra, Superior Court, Docket No. CV98PJR-0350602S.

The Supreme Court in *Shawmut Bank, N.A.*, specifically answers the question, but its discussion of the matter is limited to "and therefore from prejudgment attachment" without any further analysis. *Shawmut Bank, N.A.* v. *Valley Farms*, supra, 222 Conn. 366.

Notwithstanding the dicta in *Shawmut Bank, N.A.*, the Superior Courts appear to have allowed attachments against property which would be covered by the homestead exemption. The argument in favor of this result is based on a question of priorities in the event of multiple claims against property. Certainly it is possible that many attachments against property protected by the homestead exemption may eventually be paid when properties are sold or for one reason or another the homestead exemption is lost. If attachments are not allowed against homestead property, there is no way

to perfect the priority of an earlier creditor against a later creditor.

Moreover, the homestead exemption in Connecticut for property jointly owned by a husband and wife is $150,000. It seems reasonable to assume that there would be many properties that do not contain equity in excess of $150,000. If prejudgment remedies are possible only to the extent of the equity in the family home, the homestead exemption attachment as means of debt collection would be of limited use.

While acknowledging that this court is bound by precedent established by the Supreme Court, it appears that the Supreme Court holding in *Shawmut Bank, N.A.*, is pure dicta, which had not been subject to any degree of analysis. Under these circumstances, the court does not find that dicta binding upon it.

A prejudgment remedy against the subject real estate is, therefore, granted in the amount of $29,000.